WOOLSEY (UNITED STATES v.). See Cases Nos. 16,762 and 16,763.

---

## Case No. 18,033.

WOOLSTON v. The JOHN A. WARNER.[1]

Circuit Court, E. D. Pennsylvania. Oct. 29, 1860.

ADMIRALTY JURISDICTION — CONTRACT TO CARRY PASSENGERS.

[A contract to carry passengers from Philadelphia to Cape May, and then to visit a ship at a certain point in the Atlantic Ocean, and back again to Philadelphia, is a maritime contract, and within the admiralty jurisdiction. The fact that the passenger is to be returned to the place of starting, or that the trip is called an "excursion," does not affect the admiralty jurisdiction.]

[Appeal from the district court of the United States for the Eastern district of Pennsylvania.]

Appeal in admiralty.

GRIER, Circuit Justice. I see no deficiency in the statements of the libel to bring this case

[1] [Not previously reported.]

30 Fed.Cas.—39

within the jurisdiction of the court of admiralty. It is not disputed that a contract to carry passengers on the high seas is as much a maritime contract as that to carry freight, and that the vessel is bound by the contract of the master, as soon as the passenger has been received on board, and the voyage commenced. In Minturn v. King, 16 How. [57 U. S.] 469, it was taken for granted. The voyage in this case was from the port of Philadelphia to Cape May, and thence to the Great Eastern, and thence back to Philadelphia. This was not a mere contract for transportation from one place to another in the same state, or from one part of the port of Philadelphia to another. It is a contract to carry on the high seas to a town in another state, and thence to a certain point in the Atlantic Ocean. It is as much a maritime contract as one to carry a passenger to England or China. Nor is it less a maritime contract because the vessel is bound to take the passenger to a certain place and bring him back again. Nor is it material to the definition of a maritime contract to show in the libel whether the passenger was traveling for amusement or on business. On a charter party of a vessel to sail for the Banks of Newfoundland to catch mackerel, it would hardly be seriously averred that, because the ship was chartered, not only to carry out, but to fetch back again, the contract was not maritime, or that the man who went to catch fish to sell could have his remedy in admiralty, while he who went to fish for pleasure or amusement could not. Nor is there any magic in the word "excursion," which will take the contract out of this category. If a number of gentlemen were to charter a vessel to take them on an excursion to the Mediterranean Sea and back again, it would be making a distinction where there was no difference to say such a contract is not maritime, while a charter party to go to Sicily for a load of oranges would be. I am of opinion that the libel exhibited a case sufficient to give the district court in admiralty jurisdiction, and that process should be awarded as prayed for in the libel. The clerk will return the record with certificate of the decree of this court to that effect.